Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| RUTH CRESPO T/C/C RUTH CRESPO PÉREZ<br><br>Peticionaria<br><br>v.<br><br>EX PARTE | KLCE202401187 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: SL2024CV00374<br><br>Sobre: Petición de Declaratoria de Herederos |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 3 de diciembre de 2024.

Comparece ante *nos*, Ruth Crespo Pérez (peticionaria) y nos solicita que revoquemos una *Resolución* emitida el 18 de octubre de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Caguas. Mediante el referido dictamen, el foro primario ordenó el archivo de la *Petición de Declaratoria de Herederos* que presentó la parte peticionaria.

Por los fundamentos que exponemos a continuación, se *expide* el auto de *certiorari* y se *revoca* la *Resolución* recurrida.

**I.**

El 11 de octubre de 2024, la parte peticionaria presentó una *Petición de Declaratoria de Herederos*. En ajustada síntesis, adujo que es hija de Violeta Irene Pérez Rivera, quien falleció el 8 de marzo de 2022. Sostuvo, además, que la causante falleció siendo casada con Candelario Crespo Quiñones y que procreó cuatro (4) hijas: Viviam Enid Rosario Pérez, Vionet Milagros Cintrón Pérez, Ruth Crespo Pérez y Judith Crespo Pérez.

Número Identificador

SEN2024 _____

Señaló que Violeta Irene Pérez Rivera otorgó un Testamento Abierto el 15 de julio de 2021, ante el Notario Público Fidel Cruzado Vega. En dicho Testamento, la causante instituyó como sus herederos a: Viviam Enid Rosario Pérez, Vionet Milagros Cintrón Pérez, Ruth Crespo Pérez y Judith Crespo Pérez. No obstante, pretirió a su esposo Candelario Crespo Quiñones. Así pues, la peticionaria planteó que por la causante haber preterido a su viudo en el Testamento, estamos ante una sucesión mixta. Consecuentemente, solicitó que se declare como únicos y universales herederos en la porción de la legítima de la causante a su cónyuge supérstite Candelario Crespo Quiñones y a sus hijas Viviam Enid Rosario Pérez, Vionet Milagros Cintrón Pérez, Ruth Crespo Pérez y Judith Crespo Pérez.

El 18 de octubre de 2024, el foro primario emitió una *Resolución* mediante la cual ordenó el archivo de la *Petición de Declaratoria de Herederos,* ante la existencia del Testamento Abierto otorgado el 15 de julio de 2021. Así las cosas, el 19 de octubre de 2024, la parte peticionaria presentó una *Moción Solicitando Reconsideración.* Acto seguido, el 21 de octubre de 2024, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme aun, el 30 de octubre de 2024, la parte peticionaria compareció ante *nos* mediante una *Petición de Certiorari* y señaló la comisión del siguiente error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS, AL DENEGAR LA PETICIÓN SOBRE DECLARATORIA DE HEREDEROS SOBRE LA LEGÍTIMA DE LA CAUSANTE, BAJO EL ÚNICO RAZONAMIENTO DE QUE EXISTE UN TESTAMENTO ABIERTO OTORGADO Y AL NO CONSIDERAR QUE, A LA FECHA DEL OTORGAMIENTO DEL TESTAMENTO, EL NUEVO CÓDIGO CIVIL DE PUERTO RICO DE 2020 DISPONE QUE CONFORME AL ARTÍCULO 1629 LA PRETERICIÓN NO ANULA LA INSTITUCIÓN DE HEREDEROS, SINO QUE DA LUGAR A DIVIDIR LA LEGÍTIMA ENTRE EL TOTAL DE LEGITIMARIOS.**

**II.**

### A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990).

Cónsono con lo anterior, el Artículo 4.006 de la Ley Núm. 201-2003, según enmendada, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (4 LPRA sec. 24y) establece, entre otras cosas, que el Tribunal de Apelaciones conocerá mediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia. Asimismo, la Regla 32 (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, establece que, el recurso de *certiorari* para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia se formalizará

mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es jurisdiccional.

### B. Sucesión

Según establece nuestro ordenamiento jurídico, la sucesión puede ser testamentaria, intestada o mixta, pero no contractual. Artículo 1548 del Código Civil de Puerto Rico (31 LPRA sec. 10913). La sucesión testamentaria es la que resulta de la voluntad declarada en un testamento. Artículo 1549 del Código Civil de Puerto Rico (31 LPRA sec. 10914). Así, la sucesión intestada es la que establece la ley para cuando no existen o no rigen disposiciones testamentarias. Artículo 1550 del Código Civil de Puerto Rico (31 LPRA sec. 10915). Así pues, la sucesión mixta es la que resulta, en parte, de la voluntad declarada en un testamento y, en parte, por disposición de ley. Artículo 1551 del Código Civil de Puerto Rico (31 LPRA sec. 10916).

Asimismo, la institución de herederos es la designación hecha en un testamento de la persona que sucederá al testador, como heredero o como legatario, en la titularidad de los bienes que integran la herencia. Artículo 1659 del Código Civil de Puerto Rico (31 LPRA sec. 11301). Así pues, el testamento es válido, aunque no contenga la institución de herederos o esta resulte ineficaz. Artículo 1660 del Código Civil de Puerto Rico (31 LPRA sec. 11302).

Así, los derechos a la herencia de quien ha fallecido, con testamento o sin él, antes de entrar en vigor este Código, se rigen por la legislación anterior. Artículo 1816 del Código Civil de Puerto Rico (31 LPRA sec. 11721). La herencia de los fallecidos después sea o no con testamento, se adjudica y reparte con arreglo a este Código, pero cumpliendo, en cuanto este lo permita, las disposiciones testamentarias. *Íd.* Se respetarán, por lo tanto, las legítimas, las mejoras y los legados, pero reduciendo su cuantía, si de otro modo

no se puede dar a cada partícipe en la herencia lo que le corresponde según el Código. *Íd.*

Conforme establece nuestro Código Civil, el heredero es la persona que sucede al causante en todos los derechos y las obligaciones transmisibles, a título universal. Artículo 1553 del Código Civil de Puerto Rico (31 LPRA sec. 10918). Mientras, el legatario es la persona que sucede al causante en bienes específicos o en una parte alícuota, designada a título particular. *Íd.* Cónsono con lo anterior, son legitimarios, en el orden y en la medida que establece este Código: (a) los descendientes; (b) el cónyuge supérstite; y, (c) a falta de estos, los ascendientes. Artículo 1622 del Código Civil de Puerto Rico (31 LPRA sec. 11162)

De otro lado, la sucesión intestada tiene lugar cuando el causante muere sin hacer testamento, o cuando el testamento es ineficaz o insuficiente. Artículo 1719 del Código Civil de Puerto Rico (31 LPRA sec. 11431). La sucesión corresponde, en primer lugar, a los descendientes en línea recta y al cónyuge supérstite. Artículo 1720 del Código Civil de Puerto Rico (31 LPRA sec. 11432). Así pues, los hijos del causante y el cónyuge supérstite le heredan por partes iguales. Artículo 1721 del Código Civil de Puerto Rico (31 LPRA sec. 11433). Los nietos y demás descendientes del causante le heredan por representación. *Íd.*

Cuando en un testamento se omite instituir como heredero a un legitimario, ocurre la preterición. Específicamente, el Artículo 1628 de nuestro Código Civil establece que "[e]l testador incurre en preterición cuando omite instituir a uno, a varios o a todos sus legitimarios". (31 LPRA sec. 11181). La calificación de la preterición se atiende en el momento de la apertura de la sucesión. *Íd.* Los legitimarios de un descendiente no preterido lo representan en la herencia del causante. *Íd.*

Hay que destacar que, la preterición de un legitimario no anula la institución de heredero. Artículo 1629 del Código Civil de Puerto Rico (31 LPRA sec. 11182). Además, conlleva la división de la legítima entre el total de los legitimarios. *Íd.* Ahora bien, el legitimario a quien el testador ha dejado, por cualquier título, menos de la legítima que le corresponde, puede pedir el complemento. Artículo 1630 del Código Civil de Puerto Rico (31 LPRA sec. 11183).

**C. Petición de Declaratoria de Herederos**

El procedimiento de declaratoria de herederos es de jurisdicción voluntaria y está consagrado en los Artículos 552 y 553 de la Ley de Procedimientos Legales Especiales (32 LPRA secs. 2301 y 2302). Consecuentemente, el Artículo 552 de la Ley de Procedimientos Legales Especiales, *supra*, establece que cualquier persona con interés en la herencia puede solicitar al Tribunal que declare quienes son los herederos. Así pues, para ello debe presentar una solicitud escrita en la que declare bajo juramento que el causante falleció intestado y en la que identifique quienes son los herederos.

Así, no será necesario la celebración de vista si de los documentos que acompañan su solicitud se desprende claramente el derecho que se solicita. Artículo 552 de la Ley de Procedimientos Legales Especiales, *supra.*

**III.**

En el caso ante *nos*, el peticionario esgrimió que erró el Tribunal de Primera Instancia, Sala de Caguas, al denegar la petición sobre declaratoria de herederos sobre la legítima de la causante, bajo el único razonamiento de que existe un testamento abierto otorgado y al no considerar que, a la fecha del otorgamiento del testamento, el nuevo Código Civil de Puerto Rico de 2020 dispone que conforme al Artículo 1629 la preterición no anula la institución

de herederos, sino que da lugar a dividir la legítima entre el total de legitimarios. Tiene razón.

De una lectura del expediente ante nuestra consideración, específicamente, de la *Petición de Declaratoria de Herederos* y del Testamento Abierto otorgado el 15 de julio de 2021, surge claramente que la causante instituyó como sus herederos a: Viviam Enid Rosario Pérez, Vionet Milagros Cintrón Pérez, Ruth Crespo Pérez y Judith Crespo Pérez. Sin embargo, al momento de su deceso Violeta Irene Pérez Rivera estaba casada con Candelario Crespo Quiñones, a quien no incluyó como legitimario en su Testamento. Por lo cual, indiscutiblemente, la causante pretirió a su esposo, Candelario Crespo Quiñones. Por consiguiente, estamos ante una sucesión mixta. Según el derecho que antecede, una sucesión mixta es aquella que resulta, en parte, de la voluntad declarada en un testamento y, en parte, por disposición de ley. Artículo 1551 del Código Civil de Puerto Rico, *supra*.

Cónsono con lo anterior, son legitimarios, en el orden y en la medida que establece este Código: (a) los descendientes; (b) el cónyuge supérstite; y, (c) a falta de estos, los ascendientes. Artículo 1622 del Código Civil de Puerto Rico, *supra*. Así pues, los hijos del causante y el cónyuge supérstite le heredan por partes iguales. Artículo 1721 del Código Civil de Puerto Rico, *supra*.

Cuando en un testamento se omite instituir como heredero a un legitimario, ocurre la preterición. No obstante, la preterición de un legitimario no anula la institución de heredero. Artículo 1629 del Código Civil de Puerto Rico, *supra*.

De conformidad con los hechos aquí reseñados, la causante, Violeta Irene Pérez Rivera, pretirió a su esposo, Candelario Crespo Quiñones. Por lo cual, su hija, Ruth Crespo Pérez, solicitó correctamente al foro de instancia mediante la *Petición de Declaratoria de Herederos* que declarara como únicos y universales

herederos en la porción de la legítima de la causante a su cónyuge supérstite y a sus cuatro (4) hijas. Por lo cual, el TPI, contrario a lo que establece nuestro ordenamiento jurídico, ordenó el archivo de la solicitud ante la existencia del Testamento.

Indiscutiblemente, incidió el foro primario al ordenar el archivo de la *Petición de Declaratoria de Herederos* y al no considerar que a la fecha de la otorgación del Testamento la preterición no anula la institución de herederos, sino que da lugar a dividir la legítima entre el total de legitimarios.

**IV.**

Por los fundamentos antes expuestos, *expedimos* el auto de *certiorari* y *revocamos* el dictamen recurrido. Se devuelve el caso al TPI para que atienda la *Petición de Declaratoria de Herederos*, según los preceptos establecidos en nuestro nuevo Código Civil.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones